UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT SIRIGNANO,                                      Docket No.

                              Plaintiff,

              -against-                                    **COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, INSPECTOR THOMAS
GALATI, CAPTAIN RONALD HAAS, POLICE
OFFICER RAINER BOECKMANN, SERGEANT          ELECTRONIC FILING CASE
ANTHONY RUSSO, JOHN DOE #1-3,

                              Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws and constitution of the State of New York.

2.    The claim arises from a May 9, 2004 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, malicious prosecution, excessive force, assault, battery, and false imprisonment for acts of which plaintiff was innocent.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.     Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner is sued in his individual and official capacities.

10.    Inspector Thomas Galati was at all times here relevant the Commanding Officer for the City of New York gang divisions and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Captain Ronald Haas was at all times here relevant the Commanding Officer of the Brooklyn South Gang Division and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Captain Haas and Inspector Galati are sued in their individual and official capacities.

11. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On May 9, 2004, at approximately 9:40 p.m., plaintiff was in the vicinity of 58th Street and 3rd Avenue in Brooklyn when he was stopped and searched by the defendant police officers without reasonable suspicion, probable cause or with any reasonable belief that the officers were in danger.

15. The defendant officers assaulted and battered plaintiff, causing serious injuries.

16. The defendant officers then arrested plaintiff without probable cause. Plaintiff requested medical treatment while in custody, but the defendant officers refused.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

18. During all of the events above described, defendants acted maliciously and with

3

intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Physical pain and suffering, requiring the expenditure of money for treatment;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

    g. Loss of liberty;

    h. Attorney's and court fees.

### FIRST CAUSE OF ACTION
(ASSAULT)

20. Paragraphs one through 19 are here incorporated by reference.

21. Upon approaching plaintiff and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

22. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under the laws under

the State of New York.

23.     Plaintiff was damaged by defendants' assault in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## SECOND CAUSE OF ACTION
(BATTERY)

24.     Paragraphs one through 23 are here incorporated by reference.

25.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

26.     Defendants used excessive and unnecessary force with plaintiff.

27.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under the laws of the State of New York.

28.     Plaintiff was damaged by the battery of the defendants in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

29.     Paragraphs one through 28 are here incorporated by reference.

30.     Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

31.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under the laws of the State of New York.

32.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff

was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

33. Paragraphs one through 32 are here incorporated by reference.

34. Defendants caused a false criminal accusatory instrument to be filed against plaintiff.

35. The criminal proceedings were terminated favorably to plaintiff.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under the laws of the State of New York.

37. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of five hundred ($500,000.00) dollars.

## FIFTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

38. Paragraphs one through 37 are here incorporated by reference.

39. The City, the Commissioner, the Inspector and the Captain are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

40. The City, the Commissioner, the Inspector and the Captain knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. The aforesaid event was not an isolated incident. The City, the Commissioner, the Inspector and the Captain have been aware for some time (from lawsuits, notices of claim

and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause.  The City, Commissioner, Inspector and Captain are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal.  The City, Commissioner, Inspector and Captain fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies.  Further, there is no procedure to notify individual officers or their supervisors of the results of judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.  Additionally, the City, Commissioner, Inspector and Captain have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

42. The City, Inspector, Captain and the Commissioner knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case.  Nevertheless, the City, Inspector, Captain and Commissioner failed to take corrective action.

43. The City, Inspector, Captain and Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

44. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Captain, the Inspector and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

45. Defendants City of New York, the Commissioner, the Inspector and the Captain have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

46. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, the Inspector and the Captain in the amount of Five Hundred Thousand ($500,000.00) dollars.

## SIXTH CAUSE OF ACTION
(42 USC § 1983)

47. Paragraphs one through 46 are here incorporated by reference.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

49. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

50. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:     Brooklyn, New York
           August 4, 2005

TO:   New York City                              Yours, etc.,
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007                        NICOLE BELLINA, ESQ.
                                                 Bar #NB7154
      Police Commissioner Raymond W. Kelly       Attorney for Plaintiff
      1 Police Plaza                             71 Nevins Street
      Room 1406                                  Brooklyn, NY  11217
      New York, NY 10006                         (718) 852-4491
                                                 nicole_bellina@yahoo.com
      Inspector Thomas Galati
      Gang Division
      140 58th Street
      Suite 6B
      Brooklyn, NY 11220

      Captain Ronald Haas
      Brooklyn South Gang Division
      2 Marine Terminal
      Brooklyn, NY

      Officer Rainer Boeckmann
      Brooklyn South Gang Division
      2 Marine Terminal
      Brooklyn, NY

      Sergeant Anthony Russo
      Brooklyn South Gang Division
      2 Marine Terminal
      Brooklyn, NY